IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HARRISON COUNTY UTILITY AUTHORITY                              PLAINTIFF

v.                                              CAUSE NO. 1:15CV264-LG-RHW

CRAWFORD DIRECTIONAL DRILLING,
LLC; SOUTHERN LIGHT, LLC; J. CRUZ
UTILITY CONTRACTORS; JORGE CRUZ;
and JERONIMO CRUZ                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER DENYING THE
## MOTION FOR SUMMARY JUDGMENT FILED BY J. CRUZ
## UTILITY CONTRACTORS AND JERONIMO CRUZ

**BEFORE THE COURT** is the Motion for Summary Judgment [92] filed by Defendants Jeronimo Cruz and J. Cruz Utility Contractors. The Motion has been fully briefed by the parties. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Summary Judgment should be denied.

## FACTS

Defendant Southern Light hired defendant Crawford Directional Drilling to install fiber optic lines in Gulfport and Biloxi, Mississippi. Crawford subcontracted the work out to Defendant Jeronimo Cruz and his company J. Cruz Utility Contractors (hereafter collectively referred to as "Cruz"). The project plans called for Cruz to install the lines via directional boring on the eastern side of Debuys Road from just north of Pass Road in Biloxi to approximately thirty-five feet north

of Eula Street. (Def.'s Mot., Ex. B, ECF No. 92-2). At that point, the plans called for Cruz to bore west, underneath Debuys Road.[1] (*Id.*)

In preparation for the project, Cruz submitted a locate request to Mississippi 811, so that the locations of underground utilities could be marked. The locate request stated, "BEGIN LOC AT INT OF DEBUYS RD & SWITZER RD, LOC ENTIRE INT & CONT SOUTH ON EAST SIDE OF DEBUYS RD APPX 3000 FT CROSSING PASS RD." The parties agree that the request stated, in plain language: "Begin locate at intersection of Debuys Road and Switzer Road approximately 3000 feet, crossing Pass Road." Switzer Road becomes Eula Street just after its intersection with Debuys Road. Therefore, Switzer Road and Debuys Road meet just south and east of the directional boring that Cruz performed for the project. Upon receipt of this request, HCUA responded, "clear, no conflict," which generally means that the utility does not expect excavation to interfere with underground utility lines, based on the description of the site given by the excavator. (*See* Def.'s Mot., Ex. E at 32, ECF No. 92-5).

When Cruz was boring underneath Debuys Road, he struck one of HCUA's sewer lines. HCUA filed this lawsuit against Cruz and others[2] seeking reimbursement of the damages caused by the breach of the sewer line. Cruz argues that he is entitled to summary judgment, because HCUA failed to properly mark the sewer line in compliance with his Mississippi 811 locate request. HCUA

---

[1] The western half of Debuys Road is in Gulfport, Mississippi, and the eastern half is in Biloxi, Mississippi.

[2] HCUA also sued Crawford, Southern Light, and Jorge Cruz. Jorge Cruz has not been served with process. HCUA has notified the Court that it has settled its claims against Crawford and Southern Light.

counters that Cruz was boring in an area outside of his locate request when he struck the sewer line and that Cruz should have known he was in danger of striking a sewer line because he saw green paint and a sewage pump station near the boring location.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Miss. Code Ann. § 77-13-5 requires persons engaging in any kind of excavation to provide advance written notice of the excavation work to the Mississippi 811 system so that underground utility lines can be marked. Excavators are also required to "[i]nform [themselves] of the presence and location of any underground utility lines and underground facilities in or near the area where excavation is to be conducted" and to "[p]lan and conduct the excavation to avoid or minimize interference with or damage to underground utility lines and

underground facilities . . . ." Miss. Code Ann. § 77-13-5. Excavators who see evidence of unmarked underground utility lines at the excavation site must contact Mississippi 811 immediately. Miss. Code Ann. § 77-13-9(3). Excavators who damage underground lines are responsible for "any and all costs and expenses incurred by the operator in restoring, correcting, repairing or replacing the damaged line" unless they have fully complied with the provisions of Miss. Code Ann. § 77-13-5. Miss. Code Ann. § 77-13-7(3).

> The act of giving notice in accordance with Section 77-13-5 shall relieve the notifying party of all liability to a utility should such notice be ignored or the information provided by the utility subsequent to said notice be materially inaccurate; provided, however, the act of giving advance notice and/or obtaining information as required by this chapter shall not relieve any person making excavations from doing so in a careful and prudent manner, nor shall it relieve such person from liability for any injury or damage proximately resulting from his/her negligence.

Miss. Code. Ann. § 77-13-13.

Miss. Code Ann. § 77-13-9 requires persons owning or operating underground utility lines to locate and provide notice of any underground utility lines "in or near the area of the excavation, so as to enable the person engaged in excavation work to locate the lines and facilities in advance of and during the excavation work." Miss. Code Ann. § 77-13-9(1). Sewer lines must be marked with "safety green" paint. Miss. Code Ann. § 77-13-9(4).

Cruz argues that the area where he struck the sewer line was included in his locate request, while HCUA argues that the area was outside the request. Thus, the parties disagree over what should be considered an "entire intersection" for

purposes of fulfilling a Mississippi 811 locate request. HCUA responded "clear, no conflict" to Cruz's locate request, because HCUA believed, based on Cruz's description of the project area, that all excavation would be performed on the east side of Debuys Road, while the sewer line was under the west side of Debuys Road. (Def.'s Mot., Ex. E at 33, ECF No. 92-5; Pl.'s Resp., Ex. 7 at 58, 63, 65, ECF No. 97-7). HCUA's agent has testified that he marked the sewer line in the southbound lane of Debuys Road, but some witnesses have testified that no green paint was in the intersection. (Pl.'s Resp., Ex. 7 at 20-21, ECF No. 97-7; Def.'s Mot., Ex. G at 37, ECF No. 92-7; Def.'s Mot., Ex. C at 84, ECF No. 92-3). Thus, Cruz claims that HCUA's response to the locate request was misleading. HCUA also argues that Cruz saw evidence that there were unmarked utility lines in the area, because he noticed green paint and a HCUA sewage pump station while at the project site.[3] (Pl.'s Resp., Ex. 5 at 57, ECF No. 97-5).

HCUA was required to locate and provide notice of any underground utility lines "*in or near* the area of the excavation, so as to enable the person engaged in excavation work to locate the lines and facilities in advance of and during the excavation work." *See* Miss. Code Ann. § 77-13-9(1) (emphasis added). The question of whether HCUA complied with this requirement must be resolved by a jury. Furthermore, Cruz was required to immediately contact Mississippi 811 if he "saw evidence of unmarked underground utilities" upon arriving at the excavation site. *See* Miss. Code Ann. § 77-13-9(3). The question of whether Cruz's observation

---

[3] Cruz testified that the green paint was about twenty to thirty-five feet away from the bore line and the pump station was about fifty feet away. (Pl.'s Mot., Ex. 5 at 62, ECF No. 97-5).

of green paint and a sewage pump site constituted evidence of unmarked utilities at the excavation site is a genuine issue of material fact. Furthermore, the question of whether Cruz's locate request adequately described the area in which the excavation would be performed should be presented to a jury. As a result, Cruz's Motion for Summary Judgment must be denied.

## CONCLUSION

The record in this matter raises numerous questions of material fact that cannot be adjudicated as a matter of law by this Court. Furthermore, this may be a case where a jury could reasonably assign a percentage of fault to both parties. Therefore, Cruz has not demonstrated that he is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [92] filed by Defendants Jeronimo Cruz and J. Cruz Utility Contractors is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 19th day of April, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE